NEW YORK SUPREME COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRED CAMPBELL, Individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL MANAGEMENT SERVICES, LP,<br><br>Defendant. | Case No.: 1:18-cv-579<br><br><br>CLASS ACTION COMPLAINT |

Plaintiff, Fred Campbell, alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Tennessee.

5. Capital Management Services, LP ("Defendant") is a corporation domiciled in New York, with its corporate address as 698 1/2 South Ogden Street, Buffalo, New York, 14206, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in

that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. At a time better known by Defendant, Plaintiff incurred a debt for the use of a personal credit card.

7. Also at a time better known by Defendant, Defendant began collecting on said debt on behalf of OneMain Consumer Loan, Inc.

8. To that end, on July 6, 2017, Defendant sent Plaintiff a dunning letter seeking a balance due and owing of $2036.43, attached hereto as Exhibit A.

9. Within the letter, Defendant provided a settlement offer to Plaintiff stating that it would accept $1445.87 as full payment. This offer would provide debt cancellation in an amount of $590.56.

10. The letter additionally offered settlements for cumulative savings of $488.74 and $386.92.

11. At the bottom of the dunning letter, Defendant stated as follows:

> Under certain circumstances, OneMain may be required to file a form 1099C with the IRS when a debt is cancelled or settled. Such a form is not required every time a debt is canceled or settled, and might not be required in your case.

12. The above language is false, deceptive and misleading to the least sophisticated consumer.

13. Pursuant to 26 USC §6050P (a)-(b) of the Internal Revenue Code (IRC), a discharge of indebtedness less than $600 does not require reporting to the IRS.

14. Here, Defendant's proposed debt cancellations remain less than $600. Accordingly, Defendant never intended to report Plaintiff's cancellation of debt to the IRS, rendering the words "may be required to file a form 1099C with the IRS" false, deceptive, and misleading. In fact,

there is no set of circumstances in which Plaintiff's debt would be reported to the IRS based on existing IRS regulations.

15. The placement of information concerning the IRS is a nothing more than a collection ploy designed to deceive and mislead the consumer into thinking that the IRS could be involved in their debt where there is no set of circumstances in which the IRS would be involved.

16. A belief that tax consequences may stem from debt forgiveness could potentially impact whether the Plaintiff decides to pay the lesser amount offered, as opposed to the entire debt owed or even some other option. *Bautz v. ARS Nat'l Servs.*, 2016 U.S. Dist. LEXIS 178208 (E.D.N.Y. Dec. 23, 2016).

17. Further, the statement may lead the least sophisticated consumer to feel pressured by Defendant's statement into paying more of his debt to avoid the risk of triggering an IRS audit.

18. Upon information and belief, Defendant regularly includes false and misleading language regarding IRC reporting requirements in letters to consumer debtors where the discharge of indebtedness is less than $600.

## CLASS ACTION ALLEGATIONS

### The Class

19. Plaintiff brings this as a class action pursuant to F.R.C.P. 23 on behalf of himself and all others similarly situated who have received similar debt collection communications from Defendant, which, as alleged herein, are in violation of the FDCPA.

20. The class is defined as follows:

> **All consumer debtors within the State of Tennessee that have received a collection letter substantially similar to Exhibit A from Defendant, concerning debts used primarily for personal, household, or family purposes within one year prior to filing of this complaint, which offer discharge of indebtedness less than $600.**

21. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

22. Upon information and belief, Defendant has sent hundreds, if not thousands, of communications to consumers in the state of Tennessee, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

24. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) Whether Defendant violated the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief; and, (v) Whether Defendant's conduct was willful.

### Typicality

25. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

26. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

## Proceeding Via Class Action is Superior and Advisable

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

28. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breach of the Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

32. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

33. Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

34. Defendant's language in the dunning letter violates the following provisions of the FDCPA.

35. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(5)   The threat to take any action that cannot legally be taken or that is not intended to be taken.**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

36. Section 1692f provides:

> **§ 1692f. Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

WHEREFORE, Plaintiff, Fred Campbell, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Enter an injunction against Defendant prohibiting it from including false and misleading statements regarding required reporting to federal and state revenue authorities in dunning letters to consumer debtors for debts discharged in an amount less than $600;

c.  Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d.  Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

e.  Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f.  Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

37. Plaintiff demands a jury trial on all issues so triable.

Dated this 18th day of May, 2018.

                                       Respectfully Submitted,

                                       /s/ Daniel Zemel_____
                                       Daniel Zemel Esq.
                                       Zemel Law, LLC
                                       1373 Broad St. Suite 203-C
                                       Clifton, NJ 07013
                                       Phone: 862-227-3106
                                       Email: dz@zemellawllc.com

# EXHIBIT A

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317

Reference# 103125483

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-866-899-1494, Fax: 716-512-6046

Current Creditor: ONEMAIN CONSUMER LOAN, INC.
Account #: ▇1430
Amount of Debt: $2036.43
AMOUNT ENCLOSED: _____
Current Address: _____
_____
Current Phone #: _____

T74  P1****AUTO**ALL FOR AADC 377

Fred Campbell
▇▇▇▇▇▇▇▇
CUMBERLAND GAP, TN  37724-4143

.................................................................................................................
PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT

July 06, 2017

************SETTLEMENT OFFER************

Dear Fred Campbell:

In an effort to liquidate as many files as possible, we are making the following settlement offers:

A.  29% reduction of your present balance to the amount of $1445.87, if paid in full on or before 07/25/2017. (A savings of: $590.56)

B.  24% reduction of your present balance to the amount of $1547.69. The first payment of $773.85 or more is due on or before 07/25/2017. The second and final payment of $773.84 or more is due on or before 08/25/2017. (A savings of: $488.74)

C.  19% reduction of your present balance to the amount of $1649.51. The first payment of $549.84 or more is due on or before 07/25/2017. The second payment of $549.84 or more is due on or before 08/25/2017. The third and final payment of $549.83 or more is due on or before 09/25/2017. (A savings of: $386.92)

The amount of money you want to save is in your control. If you are expecting an income tax refund, or profit sharing check, but don't have the check yet, we may be able to accept a post-dated check by phone as a form of payment. In addition, upon clearance of these funds, we will provide, upon request, an account paid letter. We are not obligated to renew this offer.

You may send the settlement payment to Capital Management Services, LP. at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317. Our representatives are trained to offer assistance regarding this obligation. For account inquiries, you may contact Capital Management Services, LP. by calling 1-866-899-1494 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. You may also make payments online at: www.cms-trans.com.

Under certain circumstances, OneMain may be required to file a form 1099C with the IRS when a debt is cancelled or settled. Such a form is not required every time a debt is canceled or settled, and might not be required in your case.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

**ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS**

This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

17222/G2

Capman-122733.let   282468 * 35-ONEMAIN CONSUMER LOAN, INC.-002501-TN *